Reese, J.,
delivered the opinion of the court,
The general question arising in the case is, whether the first section of the act of 1837, c. 22, confers upon a justice of the peace jurisdiction in any case where the writing which evidences the contract, creates a liability which is indirect and collateral?
The words used in that section are, that “a justice of the peace shall have concurrent jurisdiction of all debts and demands from one hundred to two hundred dollars, where the balance is due upon any specialty, note, agreement, or settled account signed by the party to be charged therewith.”
These terms, we are of opinion, extend to and embrace only a direct liability, ascertained and evidenced by the signature of the party to the specialty, note, agreement or settled account; but do not extend to, or embrace an indirect, collateral, or contingent liability, created not by the terms of the agreement, but by the operation of the law.
The endorser, by the terms of the endorsement, transfers *512 t0 encjorsee only the legal title to the note. His liability arises not from the terms used, but from the act done, and is produced by the operation of the law merchant. It is clear, therefore, that the liability does not fall within the terms or intention of the act conferring upon a justice of the peace the extended jurisdiction of two hundred dollars. If it had been otherwise, we may be permitted to remark, that every enlightened man must have deeply regretted it. For it would have been as absurd as hazardous to have submitted to these domestic tribunals so large a portion of the controversies arising out of the law merchant, with the difficult questions and nice distinctions which attend them.
2. In the case before us, the circuit court probably sustained the jurisdiction, because the endorsement in its terms waives the necessity for demand and notice. But althongh this would facilitate and simplify the evidence in this case, it still leaves the agreement to be raised by operation of law, and does not in terms create a direct liability.
We are of opinion, therefore, that the judgment of the circuit court be reversed. And this court proceeding to give such judgment as the circuit court ought to have given, arrest the judgment.